Frank ACKLEY, d/b/a Village Square Chevron, Robert A. Blosio, d/b/a Long Ridge Chevron, Inc., James D. Chayka, d/b/a Home Gulf Service, Inc., Robert Cohn, d/b/a Fairport Gulf, Vincent Condito, d/b/a Vinny's Courtland Service, George S. Lombardo, Jr., d/b/a Avon Chevron Service, Inc., Paul A. Morello, Sr., d/b/a Morello's Gulf/Morello's Service Station, Douglas Schley, d/b/a Fairfield Gulf, John ·J. Todd III, d/b/a Danbury Gulf, Inc., George Williamson, d/b/a George Williamson Auto Electric, Inc., Thomas S. Zawatski, d/b/a Cos Cob Gulf, David Maguire, d/b/a Al & Bill's Gulf Service, Inc., Kenneth Cerritelli, d/b/a Cerritelli Chevron Service, Inc., Santo J. Ciarcia, d/b/a Glastonbury Chevron, Donald Haviland, d/b/a Chevron Car Wash of New Canaan and Frederick O'Neil, d/b/a Chevron Car Wash, Plaintiffs–Appellants,

v.

GULF OIL CORPORATION, Chevron U.S.A., Inc., and Cumberland Farms, Inc., Defendants–Appellees.

No. 266, Docket 89–7563.

United States Court of Appeals, Second Circuit.

Argued Oct. 31, 1989.

Decided Nov. 27, 1989.

Richard W. Farrell, Stamford, Conn. (Farrell & Barr, Stamford, Conn., of counsel), for plaintiffs-appellants.

Richard M. Reynolds, Hartford, Conn. (Scott P. Moser, James Sicilian, Steven M. Greenspan, Day, Berry & Howard, Hartford, Conn., and Robert P. Taylor, Pillsbury, Madison & Sutro, San Francisco, Cal., of counsel), for defendants-appellees Gulf Oil and Chevron.

Paul D. Sanson, Hartford, Conn. (James B. Pomeroy, Mark P. Anderson, Shipman & Goodwin, Hartford, Conn., and Mark G. Howard, Associate Gen. Counsel, Cumberland Farms, Inc., of counsel), for defendant-appellee Cumberland Farms.

Dimitri G. Daskalopoulos, Washington, D.C., filed a brief for amicus curiae Service Station Dealers of America.

Nathaniel J. Nazareth, North Kingstown, R.I. (Rogers & Nazareth, North Kingstown, R.I.), filed a brief for amicus curiae Connecticut–Rhode Island Gasoline Retailers & Garage Owners Ass'n, Inc.

Before MINER and MAHONEY, Circuit Judges, and LASKER, District Judge.*

PER CURIAM:

Plaintiffs-appellants, fourteen Connecticut service station operators (hereafter the "Dealers"), appeal from a summary judgment entered in the United States District Court for the District of Connecticut (Burns, *Ch.J.*) in favor of defendants-appellees Gulf Oil Corporation, Chevron U.S.A., Inc., and Cumberland Farms, Inc. In three separate actions, later consolidated, the Dealers alleged claims grounded in violations of the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801–2841 (1982) (hereafter "PMPA"), and pendent state law claims. They challenge the transfer to Cumberland Farms of their franchise agreements with Chevron, arguing that the

---

* Hon. Morris E. Lasker, Senior United States District Judge for the Southern District of New York, sitting by designation.

assignment was invalid under the PMPA and under Connecticut law. First, they argue that the assignment effected a termination of the franchises within the meaning of the PMPA, since it substantially altered the franchise relationship and was thus invalid under the Uniform Commercial Code, *see* Conn.Gen.Stat.Ann. § 42a–2–210 (West 1960). Second, they contend that they are entitled to the right of first refusal to purchase the properties under section 2802(b)(2)(E)(iii) of the PMPA. Third, they assert that defendants' actions violated the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat.Ann. §§ 42–110a to 42–110q (West 1987). Fourth, they argue that their franchises were automatically renewed under Connecticut law, *see* Connecticut Petroleum Franchise Act, Conn.Gen.Stat.Ann. §§ 42–133j to 42–133n (West 1987), and that Cumberland's imposition of significant rental increases violated the PMPA and state law.

All these arguments were rejected in the comprehensive and well-reasoned opinion of Chief Judge Ellen Bree Burns. *See Ackley v. Gulf Oil Corp.*, 726 F.Supp. 353 (D.Conn.1989). We affirm substantially for the reasons given in that opinion.