JOHN AND KOSTAS SERVICE STATION, INC., Plaintiff,

v.

CUMBERLAND FARMS, INC., Defendant.

Civ. A. No. 88–0306–Mc.

United States District Court, D. Massachusetts.

June 15, 1990.

**608**

Robert E. Weiner, Walter R. Choroszej, Boston, Mass., for plaintiff.

Mark Howard, Canton, Mass., Mark P. Anderson, Paul Sanson, Shipman & Goodwin, Hartford, Conn., for defendant.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

McNAUGHT, District Judge.

This action is brought under the Petroleum Marketing Practices Act (PMPA), Title 15 U.S.C. § 2802 *et seq.* In 1986, Chevron U.S.A., Inc. sold its petroleum product marketing assets to defendant Cumberland Farms. Prior to the closing of the deal on May 31, 1986, Chevron sent out formal notices of nonrenewal under the PMPA to all Gulf and Chevron dealers affected by the sale, including plaintiff John & Kostas Service Station (Kostas). Plaintiff's franchise agreement expired on October 31, 1987. Approximately one month prior to that date, Cumberland offered Kostas a new three-year lease. Plaintiff objected to several terms, including a large rent increase and restrictions on the use of the property.

Kostas refused to sign the lease on the grounds that the terms were discriminatory and offered with the underlying "evil motive" of putting plaintiff out of business. See *Esso Standard Oil Co. v. Department of Consumer Affairs,* 793 F.2d 431, 432 (1st Cir.1986) (good faith requirement of PMPA requires that franchisor not act with evil motive). Cumberland thereafter notified plaintiff that its franchise agreement had expired and ordered the premises to be vacated by February 15, 1988. In response, Kostas filed the complaint giving rise to this matter.

■ Cumberland Farms asserts a twofold argument. First, Cumberland argues that the transaction between Chevron and itself constituted a valid assignment which did not invoke the PMPA. I held previously, in *Chestnut Hill Gulf v. Cumberland Farms, Inc. and Chevron U.S.A., Inc.,* Civil Action No. 86–3519, 1988 WL 114441 (D.Mass. Oct. 13, 1988), that as a matter of

law the "assignment from Chevron to Cumberland constituted a nonrenewal of the franchise relationships between Chevron and [the dealer] under section 2802(a)(2) of the PMPA". Notwithstanding case law to the contrary, see *Ackley v. Gulf Oil Corp.,* 889 F.2d 1280 (2d Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1811, 108 L.Ed.2d 941 (1990); *May–Som Gulf, Inc. v. Chevron U.S.A., Inc.,* 869 F.2d 917 (6th Cir. 1989); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* Civil Action No. 86–4748, 1990 WL 61787 (D.N.J. May 9, 1990), none of Cumberland's arguments argued at the hearing or in its memoranda persuade me that my earlier decision was wrong.

■ Cumberland's second argument is that any challenge by a dealer under the market withdrawal provisions of the PMPA, section 2802(b)(2)(E), is against the withdrawing purchaser, that is, Chevron, and not the purchasing party. See *Ewing v. Amoco Oil Co.,* 823 F.2d 1432 (10th Cir.1987); *Boyers v. Texaco Refining and Marketing, Inc. and Mobil Oil Corp.,* 848 F.2d 809 (7th Cir.1988). Where Kostas refused to sign the new franchise agreement with Cumberland, Cumberland maintains that it does not have a franchise relationship with Kostas, and therefore, cannot be held liable as a franchisor under the PMPA.

Kostas, in turn, argues that the provisions of the new lease offered by Cumberland contained discriminatory and onerous terms. As an example, the new lease almost doubled the rent owed for the first year and nearly tripled the rent for the third year. The terms, according to plaintiff, would not allow him to bequeath his business to his family, and would possibly limit the extent to which plaintiff could continue performing services other than selling gas, such as repairing cars, as part of its enterprise.

In memoranda of law, Cumberland valiantly attempts to distinguish the *Chestnut Hill Gulf* case by stating, *inter alia,* that there, both Chevron and Cumberland were named defendants and that the Court was not required to find Cumberland liable as a

separate and distinct entity from Chevron. Cumberland concludes therefore, that a decision to grant summary judgment would not be inconsistent with my earlier holding.

Although defendant's arguments are well-stated, I remain unconvinced. As I stated in *Chestnut Hill Gulf*, "the question of Cumberland's good faith and nondiscrimination should be one for the jury to decide if the defendants cannot demonstrate the absence of any genuine issue of material fact." Defendant Cumberland has not done so here. The fact that Kostas took advantage of Cumberland's rent review program, implemented to address dealers' objections to rental increases under the new leases, does not change the situation at all. Whether Cumberland has acted with "evil motive" raises a genuine issue of material fact which must be determined by a jury. Summary judgment is denied.